IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br>TAKESHA SHANNETT FORD,<br><br>    Debtor.<br><br>TAKESHA SHANNETT FORD,<br><br>    Plaintiff.<br>v.<br><br>UNITED STATES DEPARTMENT<br>OF EDUCATION, et al.<br><br>    Defendant. | CASE NO. 3:18-bk-07369<br>ADV. PROC. NO. 3:23-ap-90077<br><br>JUDGE HARRISON<br>CHAPTER 7 |

## ANSWER OF THE UNITED STATES OF AMERICA

The United States of America, by its agency, the Department of Education ("Education"), by and through the United States Attorney's Office as counsel, for its Answer in this cause would show as follows:

## II.

## PARTIES

**A.**    **Plaintiff**

    1.    Admitted.

**B.**    **Defendant**

    2.    Admitted.

## III.

## JURISDICTION AND VENUE

    3.    Plaintiff's allegations regarding jurisdiction require no answer. To the extent this court may deem an answer appropriate, the allegations therein are admitted.

5. Paragraph no. 4 is missing from the Complaint; however, this paragraph calls for a legal conclusion for which a response is not required.

6. Plaintiff's allegations regarding venue require no answer. To the extent this court may deem an answer appropriate, the allegations therein are admitted.

IV.

**FACTUAL AND PROCEDURAL BACKGROUND**

A. **Background of the Problem**

7. The United States is without knowledge of the truth or falsity of the allegations of this paragraph and therefore demands strict proof thereof.

8. The United States is without knowledge of the truth or falsity of the allegations of this paragraph and therefore demands strict proof thereof.

9. The United States is without knowledge of the truth or falsity of the allegations of this paragraph and therefore demands strict proof thereof.

10. The United States is without knowledge of the truth or falsity of the allegations of this paragraph and therefore demands strict proof thereof.

11. The United States acknowledges that this Court should apply the applicable law in this area.

B. **Plaintiff Files for Bankruptcy**

12. The United States is without knowledge of the truth or falsity of the allegations of this paragraph and therefore demands strict proof thereof. However, having so pleaded, Education's records show that this Plaintiff originally borrowed only $59,196.00 as it pertains to unpaid student loans currently due and owing to Education, as opposed, perhaps, to loans owed to Education along with any other, non-Department of Education student loan that this Plaintiff may

borrowed while getting her college education.

13.     The United States is without knowledge of the truth or falsity of the allegations of this paragraph and therefore demands strict proof thereof.

14.     The Plaintiff is currently indebted to Education in the amount of $83,657.00. *See* Exhibit A. Her active loans are set out in the below table:

**DIRECT STAFFORD LOANS**

| Disbursement Date | Disb. Amount | Interest rate | Current Principal | Current In |
|---|---|---|---|---|
| 2014-04-03 | $11,500.00 | 5.41 | $14,604.00 | $220.00 |
| 2014-03-13 | $7,650.00 | 5.41 | $9,746.00 | $147.00 |
| 2013-10-23 | $4,800.00 | 5.41 | $6,279.00 | $95.00 |
| 2013-05-10 | $5,000.00 | 6.8 | $6,948.00 | $79.00 |
| 2011-01-27 | $989.00 | 6.8 | $1,514.00 | $17.00 |
| 2011-01-03 | $1,500.00 | 6.8 | $2,310.00 | $26.00 |
| 2010-09-23 | $1,757.00 | 6.8 | $2,754.00 | $31.00 |
| 2010-09-23 | $1,000.00 | 6.8 | $1,567.00 | $18.00 |
| 2010-07-01 | $2,000.00 | 6.8 | $3,181.00 | $36.00 |

**FFEL STAFFORD LOANS**

| | | | | |
|---|---|---|---|---|
| 2010-03-11 | $5,285.00 | 6.8 | $8,709.00 | $99.00 |
| 2009-12-16 | $2,440.00 | 5.6 | $2,851.00 | $40.00 |
| 2009-12-16 | $1,899.00 | 6.8 | $3,176.00 | $36.00 |
| 2009-06-16 | $2,000.00 | 6.8 | $3,445.00 | $39.00 |
| 2009-06-16 | $1,667.00 | 6.8 | $2,833.00 | $32.00 |
| 2009-06-16 | $1,209.00 | 5.6 | $1,413.00 | $20.00 |
| 2008-05-09 | $4,500.00 | 6 | $5,281.00 | $79.00 |
| 2008-05-09 | $4,000.00 | 68 | $7,046.00 | $80.00 |

The Plaintiff's monthly standard payment for these loans is $712.51, as calculated by Education. All these loans appear to be in repayment status but may be in default, if any are not in forbearance status.

15.     The United States denies that the loans held by Education (not considering any non-Education loans) "cost" (quoting the Complaint at ¶15) the Plaintiff $978.00 a month. See also Answer to ¶ 14, setting out Education's monthly standard payment.

16. The United States is without knowledge of the truth or falsity of the allegations of this paragraph and therefore demands strict proof thereof.

## V.

## CLAIMS FOR RELIEF

**A.  Count One: Determination of Dischargeability**

17. This paragraph calls for a legal conclusion for which a response is not required.

18. This paragraph calls for a legal conclusion for which a response is not required.

19. Denied.

20. This paragraph is a Prayer for Relief for which no response is required.  To the extent this Court may deem an answer appropriate, Counsel for the United States hereby states that these educational loans at issue come under the Associate U.S. Attorney General's new November 17, 2022, Guidelines For Student Loan Discharge Litigation. Both sides to this litigation are proceeding under those Guidelines, the application of which very well may result in a Departmental determination on dischargeability without prolonged traditional litigation.

## VI.

## PRAYER

22. Paragraph no. 21 is missing from the Complaint; however, this paragraph is a Prayer for Relief for which no response is required.  To the extent this Court may deem an answer appropriate, the United States hereby states that these educational loans at-issue come under the Associate U.S. Attorney General's new November 17, 2022, Guidelines For Student Loan Discharge Litigation. Both sides to this litigation are proceeding under those Guidelines, the application of which very well may result in a Departmental determination on dischargeability without prolonged traditional litigation.

NOW HAVING ANSWERED, Education asks that it be given all relief in this case to which it may hereafter be entitled, either at law or in equity.

>
> Respectfully submitted,
>
> HENRY C. LEVENTIS
> United States Attorney
> Middle District of Tennessee
>
> By: /s/ Steve Jordan
> STEVE JORDAN, B.P.R. 013291
> Assistant United States Attorney
> 719 Church Street, Suite 3300
> Nashville, TN 37203
> Telephone (615) 736-5151
> Facsimile (615) 401-6626
> steve.jordan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via U.S. Mail or the Court's electronic filing system to the following, as registered to receive filing on December 4, 2023.

Mark & Cynthia Podis
Podis and Podis
4535 Harding Pike, Suite 105
Nashville, TN 37205

>
> /s/ Steve Jordan
> Assistant United States Attorney